1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| VICTOR ALVARADO SIFUENTES, | Case No. 1:23-cv-00624-JLT- EPG |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| DEPARTMENT OF CHILD SUPPORT SERVICES KINGS COUNTY, et al., | ***30-day Deadline*** |
| Defendants. | |

17       The plaintiff in this matter is proceeding pro se. The complaint names 22 defendants and

18   attempts to state numerous claims against each. (Doc. 1.) The defendants include several

19   Departments of Kings County, California, including its Department of Child Support Services,

20   Police Department, Superior Court, and District Attorney's Office; several Kings County

21   Commissioners; Plaintiff's former spouse; several attorneys and law firms; the California

22   Department of Motor Vehicles; the California Department of Fish and Game; the U.S. Social

23   Security Administration; and the U.S. Department of State, among others. (*Id*.)

24       Defendants have begun filing motions to dismiss. (*See* Doc. 33.)  However, a review of

25   the complaint in this action has caused the Court to issue this order *sua sponte*. For the reasons

26   stated below, the complaint is **DISMISSED WITH LEAVE TO AMEND** pursuant to Rules 8,

27   ///

28

1

12(b)(6), 18, and 20 of the Federal Rules of Civil Procedure.[1] Plaintiff may file an amended complaint within 30 days of the date of this order, but he is warned that any amended complaint must comply with the legal standards set forth below. If any amendment fails to comply with those standards, the Court may dismiss the complaint without further notice and without leave to amend.

**A.      Failure to Comply with Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[ ] largely of immaterial background information" are subject to dismissal under Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rule 8, finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

The Court finds that the complaint does not comply with Rule 8. Under a section of the complaint that has been titled "Statement of Claim," Plaintiff sets forth 22 paragraphs, one as to each named defendant. (Doc. 1 at 17–23.) Elsewhere, the complaint provides a list of statutes that Plaintiff asserts form the basis for the Court's jurisdiction over each set of claims against each defendant. (*Id*. at 10–15.) Read together, these sections suggest Plaintiff is attempting to advance well over a hundred statutory and constitutional claims in this case. For example, as to the "Child Support Office in Hanford Kings County CA," which the Court assumes is a reference to the

---

[1] Even though Plaintiff paid the filing fee, the Court retains the inherent authority to *sua sponte* dismiss a claim under Federal Rule of Civil Procedure 8. *Wright v. United States*, No. 3:14-CV-03008-CRB, 2015 WL 3902798, at *3 (N.D. Cal. June 24, 2015), aff'd (Dec. 8, 2015). In addition, the Court may dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). A case "fits within *Wong*" when it "raises nearly indecipherable claims that, to the extent they are decipherable, are frivolous, do not give rise to federal court jurisdiction, or name parties who enjoy absolute immunity. *Parker v. Arizona*, No. CV-21-01143-PHX-DJH, 2021 WL 3623148, at *1 (D. Ariz. Aug. 9, 2021), *appeal dismissed*, No. 21-16325, 2021 WL 6884870 (9th Cir. Dec. 8, 2021.)

Kings County Department of Child Support Services, the complaint alleges:

> [A]ll staff members violated the color of law by trying to enforce a claim of a VA Disability Without a VA 21-0788 This misinformation sent to state and Federal departments caused catastrophic damage in the loss of money time and Civil rights many laws are currently willfully disregarded and are being violated by Negligence and Incompetence there is a conspiracy to commit Racketeering, Extortion, and Blackmail all the Agents feel they are Exempt from the law I am seeking relief and compensation for [] myself and my children who fear to speak to me because of the repercussions of violence from my ex wife Child Support Attorneys and their Staff and the Court Attorneys assigned to the case refuse to follow the Law and need to be held accountable and each need to pay damages and the Director and all Supervisors I am asking Incarceration and The Attorney's assigned the staff Agents I would request to be held accountable for such atrocities and for all other violations be fined for damages and QUI TAM for reporting to the Gov't Fraud ,and the following Social Security DIsability, Passport, DMV, Fish & Game, CHP, Bank Fraud. Theft of Montgomery GI Bill, C[oe]rcion, Cons[p]iracy to commit Fraud, Violations of the USC, Civil Rights, Amendment Rights.

(*Id*. at 17.) In relation to his claims against the Kings County Department of Child Support Services, Plaintiff provides the following lists of statutory provisions:

> 10 USC 1408 (a)(4)(iii) Payments of Retired or Retainer pay in Compliance of Court.

> 18 USC 241 Conspiracy against rights

> 18 USC 242 Deprivation of rights under color of law

> 18 USC 287 False fictitious or fraudulent claims

> 18 USC 371 Conspiracy to defraud the United States

> 18 USC 1031 Major fraud against the United States

> 18 USC 1035A(2) sec 2332b (g)(5)(B) Terrorism offense

> 18 USC 1951(a)(b)(2) Interference with comm by threats of violence

> 18 USC 1961(1)(A)(B)(2)(3)(4)(5) Racketeering activity

> 18 USC 2382 Misprision of Treason

> 18 USC 1002 Possession of false papers to defraud the United States

> 18 USC 1017 Government seals wrongfully used and instruments wrongful sealed

1

2

3

           22 USC ch 1 part 51.60 (a)(2)(b) Denial and restriction of passport

           28 USC 455 Disqualification of justice judge or magistrate judge

           31 USC 3729 (a)(l)(A)(B)(E) False claims

4

5

           38 USC 3319 allocation of post 9/11 benefits in a divorce

           38 USC 5301 Non assignability and exempt status of benefits

6

           42 USC 652 (k)(31)(A)(B) Competent Authority / Passport denial

7

8

           42 USC 658 Title IV-D sec 458 Social Security Act Incentive payments to states

9

           42 USC 658 (4)(8) Support order

10

           42 USC 1983 Civil action for deprivation of rights

11

           42 USC 1985 Invidious gender discrimination

12

13

           RICO Act, Americans with Disabilities Act, First Amendment, Fourth Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, Thirteenth Amendment, Fourteenth Amendment

14

15

16

17

(*Id*. at 10.) Absent, however, are factual allegations explaining why and how this defendant violated any of these statutes or constitutional provisions, committed any of the listed torts, or otherwise violated any law. Indeed, all the other claims in the case are similarly defective because Plaintiff has failed to set forth facts that explain the nature of the violation(s) alleged.

18

19

20

21

22

23

       The court is cognizant of the fact that the plaintiff is acting in pro per. However, although liberally construed, pro per pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Here, Defendants have not been given fair notice of the claims against them. In any amended complaint Plaintiff must specify which defendants are liable under which statutes and provide some factual bases for those assertions.

24

25

26

27

28

       Plaintiff is also directed to review Federal Rule of Civil Procedure 11 and 54, along with 28 U.S.C. § 1920. Rule 11 authorizes the court to impose sanctions when a complaint is frivolous, legally unreasonable, without factual foundation, or is brought for an improper purpose. Rule 11 applies explicitly to parties not represented by attorneys. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Rule 54 provides that costs are awarded to the prevailing party in civil

1    actions as a matter of course absent express statutory provision, "unless the court otherwise

2    directs." Fed. R. Civ. P. 54(d); *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45

3    (9th Cir. 2003).

4    **B.      Misjoinder**

5           Federal Rule of Civil Procedure 18 allows a party asserting a claim for relief to "join, as

6    independent or alternative claims, as many claims as it has against an opposing party." Fed. R.

7    Civ. P. 18(a). A plaintiff may also bring claims against more than one defendant if: (1) the claims

8    arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (2)

9    there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).

10          "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual

11   background of a claim; claims that arise out of a systematic pattern of events' and have a 'very

12   definite logical relationship.'" *Hubbard v. Hougland*, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5,

13   2010) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 842–843 (9th Cir. 2000)). In

14   addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not

15   necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348,

16   1351 (9th Cir. 1997). However, "even once [the Rule 20(a)] requirements are met, a district court

17   must examine whether permissive joinder would 'comport with the principles of fundamental

18   fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

19   1296 (9th Cir. 2000) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th

20   Cir. 1980) (finding the district court did not abuse its discretion when it severed certain plaintiff's

21   claims without finding improper joinder)).

22          Under Rule 20(b), the district court may sever claims or parties to avoid prejudice. Fed. R.

23   Civ. P. 20(b). Courts have also exercised the discretion to sever where "[i]nstead of making the

24   resolution of [the] case more efficient . . .  joinder would instead confuse and complicate the

25   issues for all parties involved." *Wynn v. National Broadcasting Co*., 234 F. Supp. 2d 1067, 1088

26   (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the

27   Court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion

28   and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]").

1  In addition, "[o]n a motion or on its own, the court may at any time, on just terms, add or

2  drop a party" and "sever any claim against a party." Fed. R. Civ. P. 21. However, "[m]isjoinder of

3  parties is not a ground for dismissing an action." *Id*. The proper remedy for misjoinder is to sever

4  misjoined parties and dismiss claims against them, provided that "no substantial right will be

5  prejudiced by the severance." *Coughlin*, 130 F.3d at 1350.

6  It is totally unclear how the numerous claims in the complaint are related to one another,

7  though several of them concern family law matters and/or possibly administrative problems

8  Plaintiff experienced because of his child support obligations. Even if all the issues Plaintiff

9  complains about were triggered in some way by his family law disputes, this does not mean the

10  claims are part of the "same transaction." Rather, Rule 20 requires that the claims have "similarity

11  in the[ir] factual background" or, put another way" that the claims "arise out of a systematic

12  pattern of events' and have a 'very definite logical relationship.'" *Hubbard*, 2010 WL 1416691, at

13  *7. Absent a showing that the claims included in any amended complaint are properly joined, the

14  Court will sever all but the first claim from the case before evaluating further that claim and any

15  properly joined claims.

16  **C.     The First Cause of Action Fails to State a Claim**

17  The complaint suffers from numerous other obvious defects. By way of example, the

18  Court focuses this portion of its analysis only on the first claim against the Kings County

19  Department of Child Support Services.[2]

20  1.   No Private Right of Action to Bring Civil Claims Premised Upon Criminal Statutes

21  The first claim lists numerous statutes that are part of Title 18 of the United States Code.

22  Generally, a member of the public is unable to bring civil actions premised upon federal criminal

23  statutes set forth in Title 18. *See, e.g., Hunley v. Orbital Scis. Corp.*, No. C-05-1879-PHXDGC,

24  2007 WL 977384, at *3 (D. Ariz. Mar. 29, 2007) (no private right of action under 18 U.S.C

25

---

26  [2] This should not be taken as an indication that the other claims in this case are free from defects. Rather, the Court is
not evaluating these other claims in detail at this time because they appear to be misjoined as explained above.

27  Misjoinder burdens judicial resources because "the increased work resulting from mass joinder requires no additional
payment beyond the one-time . . . filing fee. Plaintiffs therefore in no way compensate financially for [their]

28  significant drain on judicial resources." *Corley v. Google, Inc.*, 316 F.R.D. 277, 292 (N.D. Cal. 2016) (internal
citation and quotation omitted).

§ 1031); *Markley v. City of Seattle*, No. C22-5038-RSL, 2022 WL 374415, at *1 (W.D. Wash. Feb. 8, 2022) (same as to 18 U.S.C. § 241); *McKoby v. Biden*, No. C22-1461JLR, 2022 WL 11777168, at *2 (W.D. Wash. Oct. 20, 2022) (same as to 18 U.S.C. § 2382).[3] There are some narrow exceptions to this general rule, such as the civil cause of action created by the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*. Though that statute is mentioned in the complaint, Plaintiff fails to explain how it applies or provide any facts that would give proper notice to Defendants under that statute.

> 2.     Other Federal Statutes

The first claim for relief against the Kings County Department of Child Support Services lists other statutes and constitutional provisions. Most of these provisions appear inapplicable to this defendant.

- Plaintiff cites "22 USC ch 1 part 51.60 (a)(2)(b) Denial and restriction of passport." This appears to be a reference to 22 C.F.R. § 51.60(a)(2), which allows the U.S. Department of State to deny a U.S. Passport to someone who is in arrears for child support. Even if the Kings County Department of Child Support Services was involved with the implementation of child support orders applicable to Plaintiff, it does not appear possible for this defendant to violate 22 C.F.R. § 51.60. The same problem arises in connection with Plaintiff's citation to 42 U.S.C. § 652(k), which also relates to the Department of State's authority to deny a passport to a person who is in arrears for child support.

- 28 U.S.C. § 455, pertains to the disqualification of a federal judge. No federal judge is named in this suit and there are no allegations related to federal judicial action. It is therefore unclear how this statute relates to this claim or any other.

- 31 U.S.C. § 3729 pertains to false claims for payment made against the U.S. Government. It is unclear how this statute is implicated by this defendant's alleged conduct.

---

[3] Again, the Court offers only a few examples of the criminal statutes cited by Plaintiff. Just because the Court has not included a citation to a case about each criminal statute does not mean that a private action exists as to that statute.

- 38 U.S.C. § 3319 and § 5301 concern the authority of the Department of Veterans Affairs to allocate benefits and the non-assignability of certain of those benefits. Again, it is unclear how this defendant could violate these statutes, even if a private right of action exists under them.

- 42 U.S.C. § 658 is a statute that has been repealed. It is therefore unclear why it is relied upon in the complaint.

3.   <u>Civil Rights Statutes</u>

Plaintiff also mentions 42 U.S.C. §§ 1983 and 1985, along with various constitutional provisions, as potential sources of liability for the Kings County Department of Child Support Services.

a.   *Section 1983*

Pursuant to 42 U.S.C. § 1983, a cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983) (emphasis added). To state a claim under section 1983, Plaintiff must show (1) that he has been deprived of a right secured by the United States Constitution or a federal law, and (2) that the defendant causing the deprivation was acting "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Local governments and their entities, such as the Kings County Department of Child Support Services are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978)). However, a local government's liability is limited. Although a local government entity may be held liable for its official policies or customs, it cannot be held liable for an employee's actions outside the scope of these policies or customs. *Monell*, 436 U.S. at 691. To state a civil rights claim against a local government entity under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436

1   U.S. at 690–92.

2          Plaintiff's complaint fails to explain how any individual employee of the Kings County

3   Department of Child Protective Services violated any federal right Plaintiff possesses, let alone

4   how that violation was a part of a policy or custom. The list of constitutional provisions provided

5   is entirely conclusory. The Court therefore finds that the complaint fails to state a claim under

6   Section 1983 against the Kings County Department of Child Support Services.

7                    b.     *Section 1985*

8          Plaintiff also lists Section 1985 next to the words "invidious gender discrimination." The

9   Court presumes this is a reference to 42 U.S.C. § 1985(3), as the other parts of Section 1985,

10  which pertain to preventing an officer of the United States from performing their official duties

11  and obstructing justice and intimidating witnesses or jurors, appear inapplicable. To state a cause

12  of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a

13  class of persons the equal protection of the laws, or of equal privileges and immunities under the

14  laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal

15  injury, property damage or a deprivation of any right or privilege of a citizen of the United

16  States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*,

17  403 U.S. 88, 102–03 (1971). "[T]he language requiring intent to deprive equal protection . . .

18  means that there must be some racial, or perhaps otherwise class-based, invidiously

19  discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102.

20         The amended complaint does not set forth any *facts* sufficient to support its conclusions

21  that any employee of the Kings County Department of Child Protective Services (or, for that

22  matter, any other defendant) engaged in a conspiracy to violate Plaintiff's rights based on his

23  membership in any class. Thus, the complaint fails to state a claim under 42 U.S.C. § 1985(3)

24  against the Kings County Department of Child Protective Services.

25                 4.     Other Defects in the complaint

26         To provide Plaintiff additional guidance, the Court notes the following obvious issues

27  with other claims in the case.

28  ///

9

a.   *Absolute Prosecutorial and Judicial Immunity*

The complaint names several individuals who appear to be protected by absolute immunity.

i.   Judicial Immunity

"It has long been established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (internal quotation and citation omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation and citation omitted). Here, the allegations in the complaint against the named County Commissioners fail to indicate how that they acted outside their judicial functions and/or in the clear absence of all jurisdiction.

ii.   Prosecutorial Immunity

A prosecutor is protected by absolute immunity from liability in a civil rights suit for damages "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A prosecutor's advocacy functions are those activities that are "intimately associated with the judicial phase of the criminal process . . ." *Imbler*, 424 U.S. at 430. Such activities typically include, among other things, "initiating a prosecution and [ ] presenting the State's case" at trial (even if such activities include the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution), *Imbler*, 424 U.S. at 431; *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (footnote omitted), as well as "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State," *Buckley*, 509 U.S. at 273. Here, the claims brought against the District Attorney's office appear to be subject to dismissal based upon absolute immunity.

///

10

1

b.      *Eleventh Amendment Immunity*

2         The complaint sets forth claims for damages against several Departments of the State of

3  California and officials employed by those Departments. The Eleventh Amendment to the United

4  States Constitution bars federal lawsuits against a state by its own citizens, citizens of another

5  state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S.

6  234, 237–38 (1985), *abrogated on other grounds as noted in Lane v. Pena*, 518 U.S. 187, 198

7  (1996). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden

8  it, a state cannot be sued regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167

9  n.14 (1985). Eleventh Amendment immunity extends to suits against a state agency, *Brown v.*

10 *Cal. Dep't of Corrs*., 554 F.3d 747, 752 (9th Cir. 2009), and to suits for damages against state

11 officials sued in their official capacities, *Graham*, 473 U.S. at 169–70. To the extent relevant

12 here, California has not waived its Eleventh Amendment immunity with respect to claims brought

13 under 42 U.S.C. § 1983 in federal court. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir.

14 1999). Therefore, it appears that all the claims in the complaint brought against California

15 agencies and officials are barred by the Eleventh Amendment.

16 **D.      Federal Defendants**

17        Finally, some of the claims seek monetary damages from federal agencies and officials.

18 Under the doctrine of sovereign immunity, the "United States, as sovereign, is immune from suit

19 save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). In addition,

20 the government can define the terms under which it may be sued. *Id*. The Federal Tort Claims Act

21 ("FTCA"), 28 U.S.C. § 2671, *et seq*., provides a limited waiver of sovereign immunity. The

22 FTCA is the exclusive remedy for monetary damages from the federal government for "personal

23 injury or death arising or resulting from the negligent or wrongful act or omission of any

24 employee of the Government while acting within the scope of his office or employment." 28

25 U.S.C. § 2679(b)(1). 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall

26 be forever barred unless it is presented in writing to the appropriate Federal agency within two

27 years after such claim accrues or unless action is begun within six months after the date of

28 mailing, by certified or registered mail, of notice of final denial of the claim by the agency to

11

1    which it was presented." The claim-presentation requirement is "'jurisdictional in nature and may

2    not be waived." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

3          On the face of his complaint, Plaintiff does not allege that any of his claims against any

4    federal defendant have been presented to the appropriate agencies, nor suggest that any of these

5    claims have reached a final administrative adjudication. Therefore, they are barred by the doctrine

6    of sovereign immunity and must be dismissed.

7                                    **CONCLUSION**

8          For all the reasons set forth above, the Court *sua sponte* dismisses the complaint in its

9    entirety for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20, and for failure

10   to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This ruling moots the

11   pending motion to dismiss. (Doc. 33.)

12         Plaintiff may file an amended complaint within thirty days of the date of this order, but

13   any such amended complaint must comport with the legal standards set forth above. Among other

14   things, Plaintiff may not join unrelated claims together, may not rely on criminal statutes that do

15   not provide a civil private right of action, and must not advance claims that are frivolous, legally

16   unreasonable, or without factual foundation. **Failure to timely file an amended complaint that**

17   **abides by these instructions may result in dismissal of this action without leave to amend**

18   **and without further notice**.

19

20   IT IS SO ORDERED.

21      Dated:   **June 1, 2023**

                                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28