UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ALVARADO SIFUENTES, | Case No. 1:23-cv-00624-JLT-EPG |
| Plaintiffs, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; DECLINING SUPPLEMENTAL JURISDICTION OVER ANY REMAINING CLAIMS; DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| DEPARTMENT OF CHILD SUPPORT SERVICES KINGS COUNTY, | |
| Defendants. | (Doc. 39) |

Victor Alvarado Sifuentes, proceeding pro se, brings this suit against the Kings County Department of Child Support Services, alleging violations of 42 U.S.C § 2000bb (Religious Freedom and Restoration Act) ("RFRA") and 42 U.S.C § 1983. (Doc. 39.) Plaintiff contends that Defendant's conduct in seeking child support payments from him has unlawfully deprived him of benefits and rights. (*Id.*) Plaintiff appears to allege that he owes no child support, and by continuing to seek payments, Defendant has violated Plaintiff's religious freedom rights under 42 U.S.C § 2000bb (Religious Freedom Restoration Act), and his First, Fourth, Eighth, and Fourteenth Amendment rights under Section 1983. (*Id.* at ¶ 13–14.)

I. **Background**

Plaintiff filed a complaint against Defendant and 21 other state and local defendants, alleging numerous claims against each. (*See* Doc. 1.) The Court reviewed Plaintiff's complaint *sua sponte* and dismissed it with leave to amend on the condition that he "may not join unrelated

1

claims together, may not rely on criminal statutes that do not provide a civil private right of action, and must not advance claims that are frivolous, legally unreasonable, or without factual foundation." (Doc. 35 at 12.) Plaintiff filed his First Amended Complaint in which he has narrowed his claims and limited them to the sole Defendant named here. (Doc. 39.) Defendant then filed a motion to dismiss arguing that this Court does not have subject matter jurisdiction over any claim pertaining to child support arrearages and that the FAC fails to state a claim upon which relief can be granted. (Doc. 40.) For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

## II.     Legal Standards

Under Rule 12(b)(1), a district court must dismiss a complaint if it lacks jurisdiction. In reviewing a "facial" jurisdictional attack, the challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the claimed facts "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Twombly,* 550 U.S. at 570. The Court accepts as true all well-pleaded allegations of material fact but does not accept as true conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III.    ANALYSIS

### A.     The FAC fails to state any viable federal claim.

The FAC attempts to advance two claims for relief, each of which invokes various provisions of federal law. Plaintiff's first claim alleges a violation of 42 U.S.C. § 2000bb, the Religious Freedom and Restoration Act. (FAC, ¶ 13.) However, the FAC does not explain or allege facts suggesting how Defendant has violated that statute. Plaintiff asserts that the State

2

Department rejected his request for a passport and as a result Plaintiff cannot go on "missions and visit holy sites of worship." (FAC, ¶ 9.) This is insufficient. Among other things, these allegations do not implicate Defendant at all. Nothing in the FAC or the record suggests Defendant is in any way connected to the issuance of passports for international travel, and Plaintiff fails to allege anything beyond a conclusory connection between Defendant and the State Department.[1]

Plaintiff's first claim also alludes to a due process violation under the Fourteenth Amendment resulting from his loss of custody over his children and, separately, the suspension of his driver's license. (FAC, ¶ 13.) Plaintiff provides no facts suggesting how Defendant was connected to *custody* proceedings against him, nor does Plaintiff explain how Defendant engaged in conduct that resulted in the suspension of his driver's license.[2]

Plaintiff's second claim alleges that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated. Plaintiff alleges his life has been endangered for "the sole purpose of Profit for Practice by which acted under the color of law and permitted harmful and evil techniques to procure money without Competent Jurisdiction the Violations of Plaintiffs right to Due Process

---

[1] Construing Plaintiff's pro se complaint liberally, Plaintiff may have intended to raise a claim under the Free Exercise Clause of the First Amendment to the United States Constitution. A Free Exercise challenge requires a plaintiff to allege that the government has burdened one of his religious practices or operates against the practice of his religion. *Cal. Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1019 (9th Cir. 2020). Yet, any such claim fails for the same reason his RFRA claim fails.

[2] Indeed, the documentation attached to the complaint show that his *fishing* license was suspended, but there is no such documentation related to his driver's license. Even still, the Court is aware that the failure to comply with a court order to pay child support can result in the suspension of a driver's license as provided by California Family Code section 17520. This statute sets forth the process due to a person before the license may be suspended and the process for obtaining a release of the suspension. Courts have found that this process does not violate due process, equal protection, or the right to travel. *Tolces v. Trask*, 76 Cal.App.4th 285 (1999); *Franceschi v. Yee*, 887 F.3d 927, 940-941 (9th Cir. 2018); *Mendoza v. Garrett*, 358 F.Supp.3d 1145, 1173 (D. Or. 2018). Indeed, there is no fundamental right to drive or to have a driver's license. *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999). In addition, as noted above, California's statue provides both pre-suspension and post-suspension processes to the affected person, which comports with constitutional requirements. *Franceschi* at 935-940.

Even had the plaintiff alleged sufficient facts related to the suspension of his driver's license, the Court would lack jurisdiction to require the state agency to cease its enforcement efforts. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). *Younger* abstention recognizes that principles of equity and comity preclude federal courts from enjoining state "civil enforcement actions akin to criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). In evaluating whether abstention is required, consider whether the state proceedings "(1) are ongoing, (2) are quasi-enforcement criminal actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Id*. at 759. Notably, section 17520 does not confer jurisdiction on the federal court to determine the validity of a suspension release request, nor could it. Only Congress determines the Court's jurisdiction. U.S. Const art. III, §2. Finally, the Court lacks jurisdiction to determine whether the state court's order requiring the plaintiff to pay child support is lawful according to the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

guaranteed by the Fourteenth Amendment thereby entitling Plaintiff to recover damages . . ." (FAC, ¶ 14.) Though it is not entirely clear, this claim may relate to Plaintiff's general allegations about a lien having been placed against his Social Security Disability benefits—presumably a lien related to child support arrears. (*See id.*, ¶ 10.) Yet, Plaintiff fails to connect his medical conditions, any "profit for practice," or any "evil techniques" to Defendant. In sum, the FAC fails to plausibly connect Defendant to the claims asserted. For all these reasons, Plaintiff fails to advance any viable federal claims in this lawsuit.

### B. Plaintiff will not be given leave to amend the federal claims.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations, internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (stating that the court need not extend the general rule that parties are allowed to amend their pleadings if amendment "would be an exercise in futility").

Though the Court has explained the need to plead sufficient facts, the FAC suffers from similar defects as in the original complaint, and there is no indication how those defects can be cured. The Court therefore finds that granting further leave to amend the above claims would be futile.

### C. No Jurisdiction Over Child Support Dispute

To the extent Plaintiff's complaint could be read to include direct challenges to child support arrearages imposed under California law, Defendant moves to dismiss those claims for lack of subject matter jurisdiction. (Doc. 40-1 at 2–3.)

The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally,

4

federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States (i.e., if there is a "federal question"), *see* 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Neither basis for jurisdiction is present here. The Court has dismissed any claims that purport to arise under federal law, and Plaintiff cannot establish diversity of citizenship because he is a resident of California and Defendant is a municipal agency based in California. *See* 28 U.S.C. § 1332(a). Therefore, the Court finds it has no independent basis to exercise subject matter jurisdiction over any claims related to child support arrearages. Finally, to the extent the Court could exercise supplemental jurisdiction over any state law claims by virtue of the fact that the FAC purported to contain federal claims, the Court declines to do so. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For all the reasons set forth above:

(1)   Defendant's Motion to Dismiss (Doc. 40) is **GRANTED WITHOUT LEAVE TO AMEND.**

(2)   The Clerk of Court is directed to terminate all other pending motions and **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **August 22, 2023**

UNITED STATES DISTRICT JUDGE